**\*E-Filed 06/08/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHOONYOUN LEE, | **No. C 09-05614 RS** |
| Plaintiff, | **ORDER REFERRING LITIGANT TO** |
| v. | **FEDERAL PRO BONO PROJECT** |
| AT&T CORP., et al. | |
| Defendants. | |
| _____/ | |

## I. INTRODUCTION

Choonyoun Lee asks the Court to refer her to the Federal Pro Bono Project for appointment of a volunteer attorney to assist in a civil action against AT&T Corporation ("AT&T") and Communication Workers of America (the "Union"). Additionally, Lee asks the Court to stay the proceedings pending the appointment of counsel. The Union opposes only her request to stay the proceedings. Because Lee has demonstrated that her claim is one that would benefit from referral to the Federal Pro Bono Project, her motion for referral is granted. All proceedings are stayed for four weeks from the date a volunteer attorney is appointed by this Court to represent Lee. Moreover, the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and the motion hearing set for **June 17, 2010** is **vacated**.

## II. FACTS

In 2004, plaintiff was laid off by her employer, AT&T, from her position as a technician. In or about September of 2007, Lee lived in California and applied for a job through the AT&T Rehire System. On September 21, 2007, AT&T offered her a position in Connecticut. Lee accepted the offer. The position was to begin in October of 2007. Lee was told she had one month to move from California to Connecticut. She explains she sold her car, rented her home, and moved east in anticipation of the new job.

On or about October 23, 2007, AT&T informed Lee that she could not begin work because her application was missing a single requirement, something termed "Customer Service Skills." Plaintiff insists the requirement was not listed among the job requisites when she applied for and accepted the position. Subsequently, Lee contends AT&T erroneously classified her as terminated "for cause." As a result, Lee lost compensation and benefits. She also points out that she expended sums of money in her relocation from California to take the position. She avers that the sudden job loss in conjunction with the move and the money spent caused her emotional distress.

After unsuccessfully attempting to resolve her dispute with AT&T, Lee filed a Complaint in the instant case in Alameda County Superior Court. She alleged her employer breached its collective bargaining agreement with the Union with respect to her transfer to a Connecticut facility. She also alleges that the Union initially filed a grievance, although it is unclear with whom, and then improperly determined not to proceed.

Defendants removed her Complaint to federal court on November 30, 2009. In February of 2010, the parties stipulated to postpone a Case Management Conference so that Lee might first secure counsel. On April 22, 2010, Lee filed a Motion to Appoint Counsel. The request was denied, although the Order suggested Lee contact this Court's pro se litigant help desk. On May 3, 2010, plaintiff filed this motion requesting referral to the Federal Pro Bono Project. While not spelled out in her Complaint, Lee alleges in her motion that AT&T's failure to hire her resulted from unlawful discrimination on the basis of age and race.

## III. LEGAL STANDARD

As a general rule, there is no right to appointed counsel in a civil case. *See Lassiter v. Dep't of Soc. Servs. of Durham County, N.C.*, 452 U.S. 18, 25 (1981). The Ninth Circuit has also specifically reiterated that a plaintiff lacks a constitutional right to appointment of counsel to advance employment discrimination claims. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). The 1964 Civil Rights Act does, however, contemplate appointment of counsel in employment discrimination cases "in such circumstances as the court may deem just." *Bradshaw v. Zoological Soc. of San Diego*, 622 F.2d 1301, 1318 (9th Cir. 1981). *See also* 42 U.S.C. § 2000e-5(f)(1). Where a party meets certain criteria, courts in this district have held that he or she may be referred to the Federal Pro Bono Project. That office then endeavors to locate a volunteer attorney to represent the party. The operative test for referral adopts that set forth by the Ninth Circuit in *Bradshaw* for appointment of counsel: 1) the plaintiff's financial resources; 2) the efforts made by the plaintiff to secure counsel; and 3) the relative merit of the plaintiff's claims. *Bradshaw*, 622 F.2d at 1318.[1]

## IV. DISCUSSION

### A. Plaintiff's Financial Resources

In a declaration supporting her motion, Lee claims she does not have the financial resources to retain counsel. In support, she attaches a document entitled "Financial Information About Choonyoun Lee." (Ex. A.) There, Lee supplies the financial information courts request in support of an application to proceed *in forma pauperis*. In an *in forma pauperis* application, a plaintiff requests leave to proceed without paying the normal filing and administrative costs of a lawsuit. While Lee does not seek *in forma pauperis* status at this stage of the litigation, the information about her financial assets contained in that questionnaire is useful in determining whether she qualifies for representation under the Federal Pro Bono Project.

---

[1] For cases applying the test see *Loyola v. Potter*, No. 09-0575, 2009 U.S. Dist. LEXIS 36179, at *4 (N.D. Cal. Apr. 16, 2009); *Glass v. Potter*, No. 09-1554, 2009 U.S. Dist. LEXIS 50990, at *2 (N.D. Cal. June 1, 2009); *Pascual v. Astrue*, No. 08-02906, 2009 U.S. Dist. LEXIS 14763, at *2 (N.D. Cal. Feb. 6, 2009); *Guidelines of the Federal Pro Bono Project of the United States District Court, Northern District of California*, revised June 25, 2008.

No. C 09-05614 RS
ORDER REFERRING LITIGANT TO FEDERAL PRO BONO PROJECT

Plaintiff is not presently employed and does not receive any income from rent, stocks, pensions, or government programs. (Ex. A at 1-2.) Lee is not married, and has one dependent child who is a full time student at the University of California, San Diego. (Ex. A at 2-3.) She has $9,000 in a bank account. (Ex. A at 3.)

While Lee did not answer all questions in Exhibit A regarding her financial status, that application, as noted above, relates to a request to proceed *in forma pauperis*, rather than for referral for the purpose of appointment of counsel. Although more information about Lee's financial assets might have been useful, these omissions do not preclude consideration of the information provided for that purpose.

Based on the information provided, Lee has shown that she does not have the financial resources to hire a lawyer at this juncture. Accordingly, she satisfies the first step of the *Bradshaw* analysis. The fact that she lacks any monthly income is particularly important, and in a practical sense, outweighs the fact that she apparently has some other, largely illiquid, assets.

B. Plaintiff's Efforts to Secure Counsel

Plaintiff attached a list of attorneys she contacted in support of her claim that she has attempted to find counsel. Lee claims to have contacted over forty-four attorneys and/or law firms. (Ex. B.) She avers she contacted a variety of employers, including the Local Bar Association, large law firms, and solo practitioners. (Ex. B.) Plaintiff provided phone numbers or email addresses of the attorneys she contacted.

The relevant case law does not establish just how many attorneys an individual must contact in order to satisfy *Bradshaw's* second factor. *See Pinckney v. Yuba Cmty. College*, No. 08-3068, 2008 U.S. Dist. LEXIS 102859, at *4 (N.D. Cal. Dec. 9, 2009) (denying a plaintiff's request for appointment of counsel where he did not provide specific information detailing his efforts to find representation); *Loyola v. Potter*, No. 09-0575, 2009 U.S. Dist. LEXIS 36179, at *4, (determining that a party failed to meet this requirement where he did not identify a single name of an attorney contacted). Here, the record reflects that Lee has contacted a sufficient number of attorneys and provided ample documentation of her attempts to retain counsel. (Ex. B.)

C.  The Merit of Plaintiff's Case

Plaintiff attached a summary of the case to demonstrate that her claims against AT&T and the Union are meritorious.  In that case summary, but not in her Complaint, Lee alleges AT&T engaged in age and race discrimination and lacked any legitimate basis for firing her.  (Ex. C.)  Her Complaint also supplies facts and allegations to support various breach of contract theories.

When examined together, Lee's Complaint and the case summary suggest at least a plausible claim of age and/or race discrimination against AT&T.  Of course, it is not completely clear if Lee has exhausted her administrative remedies as required by the ADA and Title VII before continuing with an age or race discrimination cause of action.  *See Freeman v. Oakland Unified School District*, 291 F.3d 632, 636 (9th Cir. 2002), and 42 U. S. C. § 6104(e)(2) (2010).  Regardless, however, the information Lee provided also suggests facts that may lend support to other viable claims.  Accordingly, Lee's claim has sufficient merit to warrant referral to the Federal Pro Bono Project.

V.  CONCLUSION

Plaintiff has demonstrated that she lacks the financial resources to retain counsel, has made sufficient but unsuccessful efforts to do so, and advances adequate claims at this stage to warrant referral to the Federal Pro Bono Project.  IT IS HEREBY ORDERED that Choonyoun Lee shall be referred to the Federal Pro Bono Project in the manner set forth below:

1. The clerk shall forward to the Volunteer Legal Services Program of the Bar Association of San Francisco ("BASTF")/Santa Clara County Bar Association ("SCCBA") one (1) copy of the court file with a notice of referral of the case pursuant to the guidelines of the Federal Pro Bono Project for referral to a volunteer attorney.

2. Upon being notified by the BASF/SCCBA that an attorney has been located to represent the plaintiff, that attorney shall be appointed as counsel for Choonyoun Lee for the duration of this matter.

3. All proceedings in this action are hereby stayed until four weeks from the date an attorney is appointed to represent Choonyoun Lee in this action.  *See Guidelines of*

*the Federal Pro Bono Project of the United States District Court, Northern District of California*, at 2, revised June 25, 2008.

4. The Case Management Conference currently scheduled for June 17, 2010 at 10:00 a.m. is also continued to **August 5, 2010 at 10:00 a.m.** in Courtroom 3 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. The parties shall submit a Joint Case Management Statement at least one week prior to the conference.

IT IS SO ORDERED.

Dated: 06/08/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 09-05614 RS
ORDER REFERRING LITIGANT TO FEDERAL PRO BONO PROJECT

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Choonyoun Lee**
1571 East Gate Way
Pleasanton, CA 94566

DATED: 06/08/2010

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

No. C 09-05614 RS
ORDER REFERRING LITIGANT TO FEDERAL PRO BONO PROJECT